IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CANDACE SANCHEZ,[1] | § | |
| | § | No. 32, 2026 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS21-01666 |
| ELLIOT MATTHEWS-TAYLOR, | § | Petition No. 25-00130 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: February 3, 2026
Decided: February 9, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On January 16, 2026, the appellant, Candace Sanchez, filed a notice of appeal from the Family Court's December 12, 2025 order finding her in contempt of a prior court order. Because a timely notice of appeal was due on or before January 12, 2026, the Chief Deputy Clerk issued a notice directing Sanchez to show cause why this appeal should not be dismissed as untimely filed. In response to the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

notice to show cause, Sanchez argues the merits of her appeal but does not explain her failure to file a timely notice of appeal.

(2)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Unless an appellant can demonstrate that her failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3)     Sanchez does not claim, and the record does not reflect, that her failure to file a timely notice of appeal from the Family Court's December 12 order is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).